IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | No. C-06-01518 CW (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| ITALIAN FRENCH BAKING COMPANY, | |
| Defendant. / | |

## I.   INTRODUCTION

On February 27, 2006, Plaintiff filed a complaint under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 301(c)(1) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  Plaintiff alleged that Defendant, a California corporation, violated a collective bargaining agreement and certain Trust Agreements, by failing to make regular, timely contributions to the Western Conference of Teamsters Pension Trust Fund ("Trust Fund"), which Plaintiff administers.  The complaint, brought by Plaintiff on behalf of the Trustees of the Trust Fund ("Trustees"), sought payment of delinquent contributions, liquidated damages, interest, costs, attorney's fees and injunctive relief.

On March 22, 2006, Defendant was served with the complaint.  Defendant failed to answer the complaint or otherwise defend the action.  On May 5, 2006, upon Plaintiffs' request, the Clerk of this court entered Defendant's default under Federal Rule of Civil Procedure 55(a).  By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).

Plaintiffs' Motion for Default Judgment was referred to this Court pursuant to Civil Local Rule 72-1.  The Court held a hearing on Plaintiffs' Motion for Default Judgment and Attorney's Fees on August 15, 2006.  Plaintiff appeared at the hearing through counsel Michael J. Carroll. Defendant did not appear for the hearing.

## II. DISCUSSION

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520.  As a corporation, Defendant is not a unrepresented minor, an incompetent person or person in military service, or otherwise exempted from default judgment.  See Mem. of P. & A. in Supp. of Pl.'s Mot. for Default J. ("Pl.'s Mem.") 2.

In an action to enforce payment of delinquent contributions, "the court shall award the plan - - (A) the unpaid contributions, (b) interest on the unpaid contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ."  29 U.S.C. § 1132(g)(2).  An award under Section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid contributions prior to judgment.  See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996),  (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves'"); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," Section 1132(g)(2) is triggered and a liquidated damage award is mandatory.).

### a. Damages

Plaintiffs have the burden of proving their entitlement to relief through testimony or written affidavit.  Plaintiffs met that burden through the declarations of: Walt Pentz, Manager of Northwest

Administrators, Inc. and custodian of records of the Trust Fund relating to Defendant; Diane Andrade, manager of the trust fund delinquency collection department of the law firm of Erskine & Tulley and custodian of the records relating to the defendant's obligation to the Trust Fund; and Michael Carroll, Plaintiffs' counsel.  The evidence establishes that, as of the signature date of February 5, 2001, Defendant was bound by the terms and conditions of the Italian French Baking Company Northern California Bakery Wagon Drivers and Related Classifications Area Agreement ("Collective Bargaining Agreement"), for the term of  October 1, 2000 through September 30, 2005.  See Pentz Decl. ¶ 2, Ex. 1; Compl. ¶ 4.  Defendant is also subject to the provisions of the Western Conference of Teamsters Agreement and Declaration of Trust ("Trust Agreement").  See Pentz Decl. ¶ 4, Exs. 2-3; see also Compl. ¶¶ 2, 4.  The Collective Bargaining Agreement remains in full force and effect.  See Pentz Decl. ¶ 3.  Defendant has acknowledged that it is bound by the Collective Bargaining Agreement by adhering to its terms and conditions, including payment of trust fund contributions to Plaintiffs.  Id.

From November 2005 through June 2006, Defendant did not timely pay its contributions to the Trust Fund.  See Andrade Decl. ¶ 3, Ex. 5; Andrade Supp. Decl. ¶ 3, Ex. 8; Compl. ¶ 7.  Plaintiffs calculate the delinquent contributions, taking into account recently paid overdue contributions from November 2005 through April 2006, to total $4,292.48.  Andrade Supp. Decl. Ex. 8.

### b.      Liquidated Damages and Interest

Plaintiff requests liquidated damages in the amount of $3,477.73 and interest in the amount of $247.06.  See Andrade Decl. ¶ ¶ 4-5, Ex. 5; Andrade Supp. Decl. Ex. 8.  The Trust Agreement provides for liquidated damages in the amount of 20% of the contribution amount and interest at 7% from the due date to the payment date or to August 1, 2006, if the contributions remain unpaid.  See Andrade Decl. ¶ 4; Andrade Supp. Decl. ¶ 5, Ex. 8; See also Pentz Decl. Ex. 3 at Art. IV, Section 3 of the Trust Agreement.  Both the Trust Agreement and Section 1132(g)(2) provide for an award of interest on unpaid contributions.  Accordingly, liquidated damages and interest should be awarded in the total amount of $3,724.79.

//

### c. Attorney's Fees and Costs

Reasonable attorney's fees and costs of action shall be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D); Pentz Decl. Ex. 3 at Art. IV, Section 3. Plaintiffs have submitted the declaration of attorney Michael Carroll to prove attorney's fees and costs. Mr. Carroll calculates that, at a rate of $180.00 per hour, attorneys' fees of $720.00 have accumulated. See Carroll Decl. at ¶ 5. The amount of time expended and the billing rate are reasonable given the work performed.

Mr. Carroll calculates Plaintiffs' costs for prosecuting this action to be $375.00, consisting of the filing fee, the fee for service of process and the fee for service of a subpoena and notice of taking deposition. See Carroll Decl. at ¶ 2. These costs are reasonable and should be reimbursed.

## III. CONCLUSION

For the reasons set forth above, and for good cause shown, It Is Hereby Recommended that the following default judgment be entered:

This Court having previously entered default against Defendants, and Plaintiffs having applied to this Court for the entry of default judgment,

IT IS ORDERED that:

1. Damages are awarded against Defendants in the amount of $4,292.48;

2. Liquidated damages and interest are awarded in the amount of $3,724.79;

3. Attorneys' fees and costs are awarded in the amount of $720.00 in attorney's fees, and $375.00 in costs.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: August 15, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4